UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARIATI DEVELOPERS, INC.,  ) | 3:22-CV-00383 (SVN) |
| *Plaintiff*,  ) | |
|   ) | |
| v.  ) | |
|   ) | |
| XPO LOGISTICS FREIGHT, INC., ET  ) | |
| AL.,  ) | December 20, 2024 |
| *Defendants*.  ) | |

**RULING AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Sarala V. Nagala, United States District Judge.

Plaintiff Cariati Developers, Inc. alleges that Defendants XPO Logistics Freight, Inc. ("XPO LF"), VZ United, Inc., and KB Xpress, Corp., all motor carriers, are liable under the Carmack Amendment, 49 U.S.C. § 14706, for damage to goods Defendants allegedly were contracted to deliver on Plaintiff's behalf.[1] XPO LF seeks summary judgment, contending that, based on the undisputed facts, Plaintiff cannot demonstrate that XPO LF contracted with Plaintiff or was otherwise responsible for delivering the goods at issue. Plaintiff opposes the motion, arguing that whether XPO LF was responsible for shipping the goods for Plaintiff presents an issue of material fact. For the reasons set forth below, XPO LF's motion is GRANTED.

**I.   FACTUAL BACKGROUND**

The parties generally agree that, during the COVID-19 pandemic, the City of New York, through its Department of Sanitation ("DSNY") and Office of Emergency Management ("OEM"), administered a program designed to provide food to food-insecure residents of the city. Compl.,

---

[1] Cariati's claims for negligence were previously dismissed. *See* ECF No. 60. Additionally, Plaintiff voluntarily dismissed Defendant Solvoj, LLC from this action. *See* ECF No. 96.

ECF No. 1, ¶¶ 13–14; *see also* Pl.'s L.R. 56(a)(2) St. Add. Mat. Facts, ECF No. 73-2, ¶ 1.[2] Plaintiff contracted with DSNY and OEM to provide meal boxes as part of this program. Pl.'s L.R. 56(a)(2) St. Add. Mat. Facts, ¶ 1. Plaintiff then subcontracted with XPO Logistics, LLC, which, in turn, contracted with other entities to deliver the meal boxes. *Id.*

Plaintiff alleges in its complaint that Defendants failed in their delivery obligations in various ways, by delivering the meal boxes in an untimely fashion, to incorrect locations, or in damaged and unusable condition. Compl., ¶¶ 24–27. Plaintiff contends that XPO LF was one of the motor carriers hired for the delivery of meal boxes. *See* Pl.'s L.R. 56(a)(2) St., ¶ 1.

The parties agree that XPO LF is a subsidiary of XPO, Inc. Pl.'s L.R. 56(a)(2) St. Add. Mat. Facts, ¶ 6; XPO LF's Obj., ECF No. 81, ¶ 6. XPO LF generally denies any dealings with Plaintiff or any of the parties to this action. Def.'s L.R. 56(a)(2) St., ECF No. 67, ¶¶ 1–6, 9. More specifically, XPO LF contends that it was not one of the motor carriers hired to deliver meal boxes for Plaintiff; has never provided motor carrier services for or had any contracts with Plaintiff; was neither carrier nor broker for any of the meal box deliveries as described in the complaint; did not sort, package, prepare, load, stack unload, secure, palletize, inspect, deliver, and/or transport any meal boxes for Plaintiff; and did not have any contracts with any other entities to provide any services related to the allegations in the complaint. *Id.* Plaintiff contests these representations, contending that bills of lading identify the carrier as "XPO Freight Lines," which Plaintiff claims "is a trade name or otherwise affiliated with XPO LF." Pl.'s L.R. 56(a)(2) St., ¶¶ 1–7; Pl.'s L.R.

---

[2] XPO LF has filed an objection to Plaintiff's Local Rule 56(a)2(ii) statement. *See* ECF No. 81. The Court generally understands that the Local Rules do not permit a movant to respond to a non-movant's Local Rule 56(a)2(ii) statement of additional material facts. *See Chapco, Inc. v. Woodway USA, Inc.*, 282 F. Supp. 3d 472, 477 n.2 (D. Conn. 2017) (disregarding a movant's statement of supplemental facts filed in connection with its reply brief because it was not authorized by the Local Rules). Before this action was transferred to the undersigned, however, the Court (Haight, J.), granted *nunc pro tunc* a request by XPO LF (made with the consent of Plaintiff) for a page limit increase for XPO LF's "Response to Plaintiff's additional material facts," which the Court views as an implicit granting of leave to file such a response, notwithstanding the Local Rules. *See* ECF Nos. 78, 84. Accordingly, the Court will consider this filing, but notes that none of the additional material facts changed the outcome of the Court's decision.

56(a)(2) St. Add. Mat. Facts, ¶ 8. XPO LF asserts that it has never done business as "XPO Freight Lines." Def.'s L.R. 56(a)(2) St., ¶ 7.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is material only where the determination of the fact might "affect the outcome of the [law]suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. A movant, however, "need not prove a negative when it moves for summary judgment on an issue that the [non-movant] must prove at trial. It need only point to an absence of proof on [the non-movant's] part, and, at that point, [the non-movant] must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 324). The non-moving party, in order to defeat summary judgment, must come forward with

evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson*, 477 U.S. at 249. If the non-movant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

### III.   DISCUSSION

For the reasons discussed below, XPO LF's motion for summary judgment is GRANTED.

The Carmack Amendment is a federal law that allows for interstate shippers of goods to recover directly from an interstate carrier in whose care their items were damaged. 49 U.S.C. § 14706; *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 377 (2d Cir. 1994). In order to demonstrate a *prima facie* case under the Carmack Amendment, a plaintiff must show: (1) delivery of the goods to the carrier in good condition; (2) arrival in damaged condition; and (3) the amount of damages caused by the loss. *Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964); *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n.6 (2d Cir. 2001); *Design X Mfg., Inc. v. ABF Freight Sys., Inc.*, 584 F. Supp. 2d 464, 468 (D. Conn. 2008). The disagreement between Plaintiff and XPO LF hinges entirely on the first element, as XPO LF contends it was not one of the carriers engaged to transport the meal boxes at issue. The Court concludes that there is no issue of material

fact as to this element, as Plaintiff has not provided sufficient evidence for a reasonable trier of fact to conclude that XPO LF received goods from Plaintiff or Plaintiff's contractor.

To start, XPO LF has identified an absence of evidence supporting the first element of Plaintiff's claim. *See Parker*, 260 F.3d at 111. XPO LF relies on a declaration by John Mannen, a director-level employee of a subsidiary of XPO LF, who has personal knowledge regarding the business records of XPO LF and, specifically, of the process and procedures by which customers contract with XPO LF. Mannen Decl., ECF No. 69 ¶¶ 2–3, 7. In the declaration, Mannen represents that no business records reflect that XPO LF performed any work for Plaintiff or ever had any contracts with Plaintiff, and that, more specifically, XPO LF was neither a carrier nor a broker for any of the meal box deliveries described in the Complaint. Mannen Decl., ¶¶ 12–16.

The Court finds unpersuasive Plaintiff's first-line defense to XPO LF's motion: that the motion should be denied as premature because discovery had not yet closed at the time Plaintiff filed its opposition brief, and that Plaintiff should be allowed the opportunity to depose several key witnesses, including Mr. Mannen. Pl.'s Br., ECF No. 73 at 5–6. On November 25, 2024, shortly after this case was transferred from Judge Haight, the undersigned held a remote status conference with counsel for all parties, during which the Court inquired whether Plaintiff had engaged in any additional discovery *after* it filed its opposition to XPO LF's motion. Counsel for Plaintiff represented that, to the best of his knowledge at the time,[3] no additional discovery had been taken by Plaintiff after it filed its opposition brief. Tr., ECF No. 110 at 8. Counsel for XPO LF, for his part, represented that Plaintiff had neither sought to depose the witnesses it identified in its opposition briefing, nor propounded any additional written discovery on XPO LF after it

---

[3] Only Plaintiff's sponsoring counsel, Attorney Cohen, appeared for the status conference. The Court subsequently required Plaintiff's primary counsel who is admitted *pro hac vice*, Attorney Cara, to file a notice of appearance, which he subsequently did. ECF No. 104. Following Attorney Cara's appearance, Plaintiff has not filed any further notices with the Court clarifying that Attorney Cohen's representation was incorrect in any manner.

5

filed its brief. *Id.* at 9. Counsel for both parties then agreed that the only question before the Court is whether the record previously provided by Plaintiff in connection with its opposition brief is sufficient to raise a question of material fact. *Id.* at 9–10.

The Court therefore moves on to considering whether Plaintiff has demonstrated a genuine dispute of material fact concerning the first element of a *prima facie* case under the Carmack Amendment: whether XPO LF received goods from Plaintiff in good condition for delivery. It concludes Plaintiff has not. None of the admissible pieces of evidence Plaintiff points to, either alone or in combination, would allow a reasonable jury to conclude that XPO LF received goods for shipping from Plaintiff or its contractor.

First, the Court cannot consider much of the evidence attached to Attorney Cara's declaration, ECF No. 73-1, as Attorney Cara has not authenticated a significant portion of this evidence and lacks personal knowledge concerning it. This evidence includes text messages allegedly between Plaintiff's dispatcher and an XPO employee named Patricia Monopoli dated April 17, 2020 (Exhibit A, ECF No. 73-1 at 6–11); bills of lading allegedly used for the deliveries of Plaintiff's meal boxes (Exhibit B, ECF No. 73-1 at 12–45); emails allegedly exchanged between Ms. Monopoli and Donald Cariati, a representative of Plaintiff (Exhibit C, ECF No. 73-1 at 46–53); and 10-K Annual Reports dated from February of 2023 concerning XPO, Inc. and a company named RXO, Inc. (Exhibit E, ECF No. 73-1 at 78–80).

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."). Attorney Cara

6

baldly asserts that he has personal knowledge of the contents of the declaration by stating: "[u]nless otherwise noted, [he has] personal knowledge of the facts set forth herein." Cara Decl., ¶ 1.[4] While this statement may be true with respect to the statements about Plaintiff's actions during this litigation insofar as Attorney Cara is Plaintiff's counsel, *see id.* ¶¶ 2–3, 9–11, Attorney Cara does not offer any information supporting this assertion with respect to the text messages, bills of lading, emails, and 10-K filings attached as exhibits to his declaration. For instance, while he represents that Exhibit A contains text messages between Cariati's dispatcher and XPO employee Patricia Monopoli, he does not, for example, explain the basis for his personal knowledge of who the authors of the text messages are and whether the exhibit provides an accurate copy of the original. *See id.* ¶ 6. Similarly, he offers no basis for personal knowledge regarding the bills of lading in Exhibit B, including how the bills of lading were created, who generated them, or how he knows what their contents mean. *See id.* ¶ 7. Nor does he offer any representation to suggest he has personal knowledge to identify and authenticate the emails in Exhibit C or the list of XPO, inc. subsidiaries in the 10-K filings in Exhibit E. *See id.* ¶¶ 8, 12.[5]

The Court also cannot rely on much of the evidence appended to Attorney Cara's declaration because it consists of inadmissible hearsay. Plaintiff offers the text messages, bills of lading, and emails largely for the truth of the matters asserted therein. But it neither identifies nor argues that these documents are non-hearsay or are admissible under an exception to the hearsay rule. The Court, therefore, does not consider Exhibits A (text messages), B (bills of lading), C (emails), E (internet information), G (claim forms), and H (purported agreement between XPO

---

[4] There are no places in Attorney Cara's declaration where he has noted that he lacks personal knowledge of the facts asserted.
[5] XPO LF does not explicitly contest Attorney Cara's personal knowledge as to Exhibits D, F, G, and H. *See* Def.'s Reply Br., ECF No. 80 at 10–13.

7

Logistics, LLC and Plaintiff) to the Cara Declaration in assessing whether Plaintiff has made a sufficient showing to survive summary judgment.

Running the evidence submitted with Attorney Cara's declaration through these sieves, all that remains are Exhibits D and F, which do not provide enough evidence for a reasonable jury to conclude that XPO LF received goods for shipment from Plaintiff or its contractor. Exhibit D consists of Plaintiff's own interrogatory responses to XPO LF; Exhibit F consists of an email exchange between counsel concerning the Rule 26(f) report in this litigation. The Court fails to see how either piece of evidence creates a genuine dispute of material fact over whether XPO LF received the goods from Plaintiff for delivery.

Even if the Court considered all of Plaintiff's evidence, however, Plaintiff still falls short of making a sufficient showing as to the first element of a Carmack Amendment claim. The nonmoving party must "present specific evidence demonstrating a genuine dispute." *Gannon v. United Parcel Serv.*, 529 F. App'x 102, 103 (2d Cir. 2013) (summary order). Mere speculation will not do. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) ("A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory.").

Here, Plaintiff's opposition amounts to no more than speculation. The text messages in Exhibit A, bills of lading in Exhibit B, emails in Exhibit C, and the responses to interrogatories in Exhibit D at most support the proposition that Plaintiff did business with XPO Freight Lines. But Plaintiff offers nothing beyond mere speculation to establish that XPO LF operated under the name of, or is otherwise connected with, XPO Freight Lines. Plaintiff relatedly offers conjecture that, because XPO LF performs carrier services, is similarly named to XPO Freight Lines, and is a subsidiary of XPO Inc., XPO LF must have delivered meals for it. *See* Cara Decl. ¶ 11. But again,

8

Plaintiff offers no specific evidence to support the logical leap that XPO LF, the Defendant here, received meals for delivery from Plaintiff. Such speculation is far from "specific evidence demonstrating a genuine dispute." *Gannon*, 529 F. App'x at 103. Finally, nothing in the remainder of the record, including the purported listing of XPO LF as a subsidiary of XPO, Inc., in Exhibit E, the emails between opposing counsel in this litigation at Exhibit F, the damage claim forms in Exhibit G, or the purported agreement between Cariati and XPO Logistics, LLC in Exhibit H, does more to create a genuine issue of material fact concerning whether XPO LF received any goods for shipment from Plaintiff.[6]

In sum, even viewing the record in the light most favorable to Plaintiff, as the Court must at this stage, the Court concludes that a reasonable jury could not find that XPO LF received delivery of meal boxes from Plaintiff. XPO LF is therefore entitled to summary judgment.

## IV.   CONCLUSION

For the reasons described herein, XPO LF's motion for summary judgment is GRANTED. The Clerk is directed to terminate XPO LF from this action.

**SO ORDERED** at Hartford, Connecticut, this 20th day of December, 2024.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

---

[6] The Court does not give particular weight to XPO LF's arguments regarding the parties' Rule 26(f) report. In that report, the parties listed the following as an undisputed fact: "In accordance with the XPO Agreement, XPO Logistics, LLC engaged various motor carriers (not including XPO [Logistics] Freight) to provide these transportation services to Plaintiff." *See* Def.'s Br., ECF No. 66 at 5–6; Rule 26(f) Report, ECF No. 40 at 6. Plaintiff argues that this inclusion in the Rule 26(f) report was an oversight. Pl.'s Br., ECF No. 73 at 7–8. While the Court reminds the parties that all signed filings are taken to mean what they say, the Court notes Plaintiff's oversight and need not consider the report's language in this ruling, given the other evidence (or lack thereof) in the record.